IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01224-WDM-MJW

SHAWN D. ALLEN,

    Plaintiff,

v.

WARDEN LARRY REID,
WILLIAM RICHTER,
SGT. SCHMUTZLER, and
LT. SHAWNA TORXEL,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on a recommendation of Magistrate Judge Michael J. Watanabe, issued March 31, 2008 (Docket No. 54) that a motion to dismiss filed by Defendants Reid, Richter, and Troxel (Docket No. 27) be granted. Plaintiff filed a timely objection to the recommendation (Docket No. 57) and, therefore, is entitled to *de novo* review of the portions of the recommendation to which objection was made. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). I must construe Plaintiff's pleadings liberally and hold him to a "less stringent standard" because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). Having reviewed the pertinent portions of the record in this case,

PDF Final

I find that the recommendation should be accepted as modified for the following reasons.

## Background

This action arises out of Plaintiff's citation for disciplinary infractions while incarcerated in the Colorado Department of Corrections. According to the complaint, Plaintiff had a "skirmish" with Defendant Schmutzler on July 12, 2006 regarding a document that Plaintiff wished placed in his legal materials folder. Due to this "skirmish" Plaintiff indicated that he was going to file a grievance against Schmutzler. Allegedly in retaliation, Schmutzler awakened Plaintiff at 5:00 a.m. as a provocation and filed charges against Plaintiff for "count interference." Plaintiff denies that he was guilty of count interference and alleges that it was a false accusation made purely in retaliation for Plaintiff's stated intent to file a grievance against Schmutzler.

Plaintiff was provided with a disciplinary hearing on July 31, 2006 over which Defendant Richter presided. Richter did not permit Plaintiff to call any witnesses to corroborate his defense that he did not engage in count interference. During the hearing, Defendant Troxler ordered Plaintiff to refrain from mentioning the July 12, 2006 "skirmish" or Plaintiff's statement to Schmutzler that he was going to file a grievance against her. Schmutzler did not attend the hearing and Richter allegedly made his decision based purely on Schmutzler's incident report. Defendant Reid, the warden, upheld the guilty verdict during the administrative appeals process.

Plaintiff filed an action in state court to review the disciplinary proceeding. The state court remanded the case for another disciplinary hearing. Plaintiff alleges that prior to the second disciplinary hearing Defendant Troxel revised the incident report,

leaving out key information and adding a charge of "disobeying a direct order." At the second hearing, held April 11, 2007, Plaintiff opted to "remain silent." He was, however, found guilty. Plaintiff alleges that due to his disciplinary conviction, he has had to remain in administrative segregation for eighteen months longer than he would have otherwise had to. He alleges that Defendants' actions violated his Fifth, Eighth, and Fourteenth Amendment rights. He seeks damages in the amount of $200.00 per day that he has been in administrative segregation from the date he was found guilty, July 31, 2006 and reimbursement of court costs.

## Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

## Discussion

As a preliminary matter, I note that Plaintiff has filed a motion to amend his

complaint (Docket No. 56). This motion has not been ruled on. I have read Plaintiff's proposed amendments to his complaint and considered them in conjunction with Magistrate Judge Watanabe's recommendation on the motion to dismiss. As there is nothing in the proposed amended complaint that cures the defects in the original complaint as discussed below, I conclude that the appropriate course of action is to deny the motion to amend as moot and consider Magistrate Judge Watanabe's recommendation.

Magistrate Judge Watanabe recommends that Defendants' motion be granted on three grounds: (1) Plaintiff failed to allege personal participation by Reid; (2) Plaintiff's claims for relief based on the first disciplinary hearing are not actionable as the state court remanded and ordered a new hearing; and (3) Plaintiff's claims for relief based on the second disciplinary hearing are not actionable as Plaintiff does not allege that any protected rights were violated at the second disciplinary hearing. First, Magistrate Judge Watanabe determined that Plaintiff failed to allege the requisite personal participation by Reid. *See Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (holding that, to be liable, "the supervisor must be personally 'involved in the constitutional violation,' and a 'sufficient causal connection' must exist between the supervisor and the constitutional violation." (quoting *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006))). Magistrate Judge Watanabe concluded that Plaintiff's allegations concerning Reid were, at best, conclusory, and, therefore, insufficient to survive a motion to dismiss. Magistrate Judge Watanabe also concluded that the allegations against Reid should be dismissed because they are based on the disciplinary hearings, which, as discussed below, do not state a claim for relief.

Plaintiff objects to this recommendation arguing that Reid personally participated by upholding Plaintiff's conviction from the first disciplinary hearing, thereby "deliberately turn[ing] a blind eye and a deaf ear to the unconstitutional C.O.P.D. conviction." (Docket No. 57 at 2.)  He also contends that Reid knew of the constitutional violations by virtue of the internal appeals process.  I agree with Plaintiff that, if there were a constitutional violation during the first disciplinary hearing, the express approval of the result of the disciplinary hearing would be sufficient to allege that Reid knowingly acquiesced in the constitutional violation.  *See Serna*, 455 F.3d at 1151–52 (holding that to hold a supervisor liable, "a plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur." (citing *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997))).  However, like Magistrate Judge Watanabe, I conclude that the allegations against Reid are not actionable because they are based on the disciplinary hearings, for which, as discussed below, Plaintiff has not alleged constitutional violations.

Second, Magistrate Judge Watanabe determined that the allegations in the complaint concerning the first disciplinary hearing were insufficient to state a claim because the case was remanded by the state court and the second disciplinary hearing also resulted in a guilty determination.  *See Ragan v. Lynch*, 113 F.3d 875, 877 (8th Cir. 1997) (holding that an evidentiary hearing and subsequent reversal of penalty was sufficient to remedy any constitutional defect in the disciplinary process); *Young v. Hoffman*, 970 F.2d 1154, 1156 (2d Cir. 1992) (holding that a prisoner's due process rights were not violated because the prisoner's penalty from the allegedly constitutionally defective hearing was reversed and vacated) (relying on *Harper v. Lee*,

938 F.2d 104 (8th Cir. 1991)); *Gaines v. Stenseng*, 2006 WL 219910, at *1 (D. Kan. Jan. 27, 2006) ("[N]o viable due process claim remained regarding plaintiff's March 2001 disciplinary proceedings once plaintiff sought and obtained relief in the state courts."). I note that although the Tenth Circuit has recognized that a reversal does not remedy constitutional violations when the plaintiff suffered irreversible harm from the violations, such a conclusion is not appropriate here. *See Traylor v. Denton*, 39 F.3d 1193, 1994 WL 596630, at *3 (10th Cir. Nov. 1, 1994) (holding that a second, constitutionally-sound hearing does not remedy due process violations in an initial hearing if the harm from the first hearing is not cured by the second hearing). In this case, Plaintiff was found guilty at his second, constitutionally-sound disciplinary hearing and the complaint contains no allegations that the second hearing resulted in a lesser sanction or that the due process violations were not remedied by the second hearing.[1] Therefore, Plaintiff has not alleged that he suffered harm that was not remedied by the remand.

Plaintiff objects to this determination arguing that the state court remedy of remand did not include an award of damages. Plaintiff's argument, however, is meritless. The remand remedied any constitutional deprivation that occurred at the first disciplinary hearing with the second hearing—Plaintiff may not now receive damages for a constitutional violation that has been fully remedied. *Smallwood v. Scibana*, 227 Fed.

---

[1] I do note that Plaintiff did not participate in the second disciplinary hearing. However, this was admittedly entirely his own choice.

Appx. 747, 749 (10th Cir. 2007) (unpublished)[2] (determining that because the outcome of a second hearing was the same as the first, the plaintiff's complaint about the penalty imposed after the first hearing was moot); *see Ragan*, 113 F.3d at 877 (holding that an evidentiary hearing and subsequent reversal of penalty was sufficient to remedy any constitutional defect in the disciplinary process); *Young*, 970 F.2d at 1156 (holding that a prisoner's due process rights were not violated when the constitutionally defective hearing was reversed and vacated); *Gaines*, 2006 WL 219910, at *1 (holding that a prisoner had no viable claim based on a constitutionally defective hearing once the plaintiff had sought and obtained relief in the state courts); *cf. Traylor*, 39 F.3d 1193, 1994 WL 596630, at *3 (determining that a claim based on an prior disciplinary hearing is colorable when the subsequent disciplinary hearing did not cure the harm from the first hearing). Plaintiff also generally alleges that his constitutional rights under *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), were violated at the first disciplinary hearing. Even assuming this is true for purposes of this motion, it does not change the fact that any constitutional deprivations at the first disciplinary hearing were remedied by the remand. Therefore, I conclude that the complaint does not state a claim that is plausible on its face with respect to any claims based on the first disciplinary hearing against Reid, Richter, or Troxel. Furthermore, as all allegations against Richter stem solely from the first disciplinary hearing, Richter shall be dismissed from the case.

Finally, Magistrate Judge Watanabe determined that Plaintiff's claims relating

---

[2] Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R. 32.1.

to the second disciplinary hearing fail to state a claim. With respect to the second disciplinary hearing, Plaintiff alleges that his rights were violated when Troxel revised the incident report, leaving out information and including a new charge of "disobeying a direct order." Magistrate Judge Watanabe determined that these alleged deprivations do not constitute protected constitutional due process rights under *Wolff*. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. When a prison disciplinary hearing may result in the loss of good time credits, *Wolff* requires that an inmate receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67); *accord Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 812 (10th Cir. 2007). Plaintiffs allegations concerning Troxel's actions at the second disciplinary hearing do not constitute denial of any right articulated in *Wolff*. Indeed, *Wolff* does not establish a right to have certain information included in an incident report nor to avoid having an additional charge reviewed at a remanded hearing.

Plaintiff objects to this determination. However, he simply restates his claim that his rights were violated when Troxel left out information on the incident report and added an additional charge. As discussed, however, these are not constitutional

violations under *Wolff*.³  Plaintiff also argues that Schmutzler did not participate in the second hearing as contemplated by the state court.  Again, however, these allegations do not constitute a due process violation under *Wolff*—*Wolff* does not require participation at the hearing by any witnesses.  Finally, Plaintiff argues that Reid again upheld the determination of guilt from the second hearing.  This argument, however, ignores the fact that there were no constitutional violations at the second hearing upon which Reid could have based a reversal.  Therefore, I conclude that all of Plaintiff's allegations stemming from the second disciplinary hearing should be dismissed.  As both Reid and Troxel's only alleged involvement was during the first and second disciplinary hearings, Reid and Troxel must also be dismissed from the case.

Accordingly, it is ordered:

1. Plaintiff's motion to amend the complaint (Docket No. 56) is denied as moot.
2. The recommendation of Magistrate Judge Watanabe (Docket No. 54) is accepted as modified.

---

³ I do note that Plaintiff's motion to amend his complaint alleges, without specifying a specific hearing, that his "three vital witnesses" were denied—a protected right under *Wolff*.  The previous complaint, however, specifies that the witnesses were denied at the first disciplinary hearing and Plaintiff opted to "remain silent" at the second disciplinary hearing.  Therefore, I conclude that this statement was in reference to the first disciplinary hearing that was remedied by the remand hearing and, therefore, does not affect my analysis here.

I further note that Plaintiff's motion to amend his complaint also alleges that he was found guilty at the disciplinary hearing without "some evidence."  Although Plaintiff only provides a conclusory allegation in his motion to amend, I presume that this refers to Plaintiff's previous allegation that he was found guilty at the first disciplinary hearing based solely on Schmutzler's incident report.  As noted above, however, any constitutional deprivation at the first hearing was remedied by the remand hearing.  Furthermore, should the motion to amend be referring to the second hearing, I conclude that such a conclusory allegation without any specific articulation of the supporting facts is insufficient to assert a constitutional deprivation during the remand hearing.

3. Defendants' motion to dismiss (Docket No. 27) is granted. This case is dismissed with prejudice with respect to Defendants Reid, Richter, and Troxel.

DATED at Denver, Colorado, on July 3, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge